# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:04CR308-C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| XAVIER SANTONIO LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court upon the Defendant's "Motion to Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) Regarding a Retroactive Amendment to the Sentencing In Reference to Amendment 599" (Document No. 20.)  For the reasons stated herein Defendant's Motion will be denied.

On March 21, 2005 Defendant plead guilty, pursuant to a written plea agreement, to Count Two of the Indictment charging him with possession of ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).  On  May 18, 2005 Defendant was sentenced to a term of thirty-seven months imprisonment followed by two years of supervised release.

By way of the instant Motion, Defendant contends that United States Sentencing Guideline Amendment 599, which went into effect on November 1, 2000, "strickly (sic) forbids the use of an enhancement under U.S.S.G. §2k2.1(b)(5) (Possession of any firearm or ammunition in connection with another felony offense) since the statute under Title 18 U.S.C. 922(g)(1) already took into account that conduct."

Defendant is clearly confused.  He was sentenced on Count Two of the Indictment for

possession of ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). The United States Sentencing Commission Guideline for a violation of 18 U.S.C. § 922(g) is found in USSG §2K2.1 and calls for a base offense level of 20. Although Defendant is convinced otherwise, he did not receive any enhancement. Instead, he was sentenced only on Count Two of the Indictment for a violation of 18 U.S.C. § 922(g)(1). The Amendment Defendant cites is not applicable to the facts of his case. Amendment 599 pertains to the commentary following § 2K2.4, which is not applicable to this case. As previously stated, 2K2.1 governs the crime in this case and calls for a base offense level of 20. Amendment 599 has no application to the instant case, therefore Defendant's motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** That Defendant's Motion to Modify (Document No. 20) is Denied.

**SO ORDERED**.

Signed: April 17, 2007

Robert J. Conrad, Jr.
Chief United States District Judge